UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

LANCE DEAN PLUNSKE,                                    Civil No. 11-1407 (RHK/TNL)

              Petitioner,

      v.                                        **REPORT AND RECOMMENDATION**

STATE OF MINNESOTA,

              Respondent.

      This matter is before the undersigned United States Magistrate Judge on Petitioner's

amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Docket

No. 6.)[1]  The case has been referred to this Court for a Report and Recommendation

pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is

recommended that this action be summarily dismissed without prejudice pursuant to Rule

4 of The Rules Governing Section 2254 Cases In The United States District Courts.[2]

## I. BACKGROUND

      Petitioner is a prisoner at the Minnesota Correctional Facility at Moose Lake,

Minnesota.  He is serving a 144-month prison sentence that was imposed in the State

District Court for Traverse County, Minnesota.  Petitioner was sentenced after a jury found

him guilty of multiple counts of criminal sexual conduct.  (Amended Petition, p. (2), §§ 1-6.)

---

[1] Petitioner's original habeas corpus petition, (Docket No. 1), was found to be fatally
defective, because it did not state any grounds for relief.  Petitioner was granted leave to
file an amended petition, (see Order dated June 3, 2011, (Docket No. 4)), and he recently
did so.  Therefore, the matter is now before the Court on Petitioner's amended petition.

[2] Rule 4 provides that "[i]f it plainly appears from the petition and any attached
exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss
the petition and direct the clerk to notify the petitioner."

After Petitioner was convicted and sentenced, he filed a direct appeal claiming that there was insufficient evidence to support the jury's verdict.  (Id., p. (3), § 9.)  The Minnesota Court of Appeals rejected Petitioner's arguments, and affirmed his conviction and sentence.  State v. Plunske, No. A09-1575, 2010 WL 3220038 (Minn.App. 2010) (unpublished opinion).

Petitioner sought further review in the Minnesota Supreme Court, based on the grounds of "Falsey [sic] reported other sexual abuse to her."  (Amended Petition, p. (3), § 9(e)(4).)  However, Petitioner's request for further review was denied by the State Supreme Court on October 19, 2010.  (Id., § 9(e)(3).)  Thereafter, Petitioner did not seek further review of his conviction and sentence, until he commenced the present federal habeas corpus action.  (Id., § 10.)

The current petition presents a single claim for relief, which, repeated verbatim and in its entirety, is as follows:

> "Denial of effective councel [sic].  My public defender would not get medical or school records to prove that I did not have sex with her.  Nor would he get the doctor to come and give testimony."

(Id., p. (5), § 12.A.)

However, it plainly appears that Petitioner's current habeas corpus claim – i.e., ineffective assistance of counsel – has never been fairly presented to the Minnesota state courts.  Thus, the Court finds that Petitioner has not satisfied the exhaustion of state court remedies requirement prescribed by federal law and the United States Supreme Court.

## II.  DISCUSSION

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies.  28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982).  This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged errors raised by state prisoners.  O'Sullivan, 526 U.S. at 844; Rose, 455 U.S. at 518-19; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam).  To satisfy the exhaustion of state court remedies requirement, a prisoner must fairly present his or her claims to the highest available state court before seeking relief in federal court.  O'Sullivan, 526 U.S. at 845.

The United States Supreme Court has explained the exhaustion of state court remedies requirement as follows:

> "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights.'... [Citations omitted.]  To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. [Citations omitted]."

Baldwin v. Reese, 541 U.S. 27, 29 (2004) (emphasis added).

It is also well established that a habeas petitioner must exhaust his state court remedies for all of the claims that he seeks to raise in a federal habeas corpus petition.  A "mixed petition" -- i.e., one that includes both exhausted and unexhausted claims -- must be dismissed for non-exhaustion.  Rose, 455 U.S. at 510, 522.

3

Here, it clearly appears that Petitioner's one claim for federal habeas corpus relief, ineffective assistance of counsel, has not been fairly presented to the Minnesota state courts. This claim is conspicuously missing from Petitioner's own description of the claims that he previously presented to the Minnesota Court of Appeals and the Minnesota Supreme Court. (See Petition, p. (3), § 9(d).)  The Court also notes that there is no mention of any ineffective assistance of counsel claim in the Minnesota Court of Appeals' decision on Petitioner's direct appeal.   See Plunske, 2010 WL 3220038. Because Petitioner's current ineffective assistance of counsel claim has not been fairly presented to the Minnesota appellate courts, that claim is "unexhausted" for federal habeas purposes.

Moreover, there is a state court remedy that might still be available for Petitioner's unexhausted claim -- namely a motion for post-conviction relief brought under Minn.Stat. § 590.01.  Historically, Minnesota state courts have held that claims of ineffective assistance of trial counsel can be raised in post-conviction proceedings if, (but only if), the claim could not be resolved on direct appeal based on the existing record. See Chambers v. State, 769 N.W.2d 762, 763-64 (Minn. 2009) ("[w]hen a claim of ineffective assistance of counsel can be determined from the trial record, it must be brought on direct appeal...; [i]f, however, the claim requires examination of evidence outside the trial record and additional fact-finding, then the claim is not procedurally barred," and may be raised in a post-conviction motion).

In this case, it is unclear whether Petitioner's current ineffective assistance of counsel claim could be resolved based on the existing record, or whether additional fact-finding is necessary.  Thus, it is unclear whether Petitioner's ineffective assistance of counsel claim could properly be entertained in a state post-conviction motion.  However,

4

the Court finds that it would be preferable to have the Minnesota state courts, rather than the federal district court, decide whether or not Petitioner's unexhausted claim of ineffective assistance of counsel can still be heard and decided on the merits in the state courts.  See Nelson v. Solem, 714 F.2d 57, 60 (8th Cir. 1983) ("[b]ecause there has been no showing that further resort to state procedures for post-conviction relief would be futile, we affirm the district court's decision to dismiss [the] habeas petition without prejudice for lack of exhaustion").[3]

Because Petitioner has failed to exhaust his state court remedies for his ineffective assistance of counsel claim, his current habeas corpus petition cannot be entertained at this time.  The Court will therefore recommend that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules.  It will be recommended that the action be dismissed without prejudice, however, so that Petitioner can return to the state courts and attempt to exhaust his presently unexhausted claim.[4]  Petitioner may return to federal court, (if necessary), after the state courts, including the Minnesota Supreme Court, have

---

[3] If the state courts were to reject Petitioner's presently unexhausted claim because of a state procedural rule, that claim would be procedurally defaulted, and it would not be reviewable in a future federal habeas proceeding, except upon a showing of sufficient cause and prejudice to excuse the procedural default, or clear proof of actual innocence. Coleman v. Thompson, 501 U.S. 722, 750 (1991).  See also Jones v. Jerrison, 20 F.3d 849, 853 (8th Cir. 1994), ("[f]ederal courts will not review a procedurally defaulted claim because 'a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance'"), quoting Coleman, 501 U.S. at 732.

[4] If Petitioner pursues this option, he should be mindful of the one-year statute of limitations prescribed by 28 U.S.C. § 2244(d).  It appears that the statute of limitations has not yet expired in this case, and the statute will be tolled, pursuant to 28 U.S.C. § 2244(d)(2)), while any post-conviction proceedings are pending in the state courts. However, Petitioner could face a statute of limitations issue in the future, if he does not diligently pursue state post-conviction relief.

reviewed and decided <u>all</u> of the claims that he seeks to present in federal court.  <u>See</u> <u>Ashker v. Leapley</u>, 5 F.3d 1178, 1180 (8th Cir. 1993).  <u>See</u> <u>also</u> <u>Nelson</u>, <u>supra</u>.

Finally, the Court notes that Petitioner has applied for leave to proceed <u>in forma pauperis</u>, ("IFP"), in this case.  However, the record indicates that Petitioner actually has paid the full $5.00 filing fee for this action, and he has not suggested that he has any specific need for IFP status at this time.  Therefore, Petitioner's IFP application will be denied as moot.

## III. CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA").  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  <u>Slack v. Daniel</u>, 529 U.S. 473, 484 (2000).

In this case, the Court finds that it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here.  Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review.  It is therefore recommended that Petitioner should <u>not</u> be granted a COA in this matter.

## IV.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's amended application for a writ of habeas corpus, (Docket No. 6), be **DENIED**;

2.  Petitioner's applications for leave to proceed in forma pauperis, (Docket Nos. 2 and 7), be **DENIED AS MOOT**;

3. This action be **DISMISSED WITHOUT PREJUDICE**; and

4.  Petitioner should **NOT** be granted a Certificate of Appealability.


Dated: June 30, 2011

_____s/ Tony N. Leung_____
TONY N. LEUNG
United States Magistrate Judge
United States District Court
For the District of Minnesota

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before July 15, 2011.